SEEMA NANDA
Solicitor of Labor
MARC A. PILOTIN
Regional Solicitor
ANDREW J. SCHULTZ
Counsel for Wage and Hour
NATASHA A. MAGNESS
Trial Attorney (Wash. Bar No. 55920)
UNITED STATES DEPARTMENT OF LABOR
Office of the Solicitor
300 Fifth Ave., Suite 1120
Seattle, WA 98104-2397
Telephone: (206) 757-6757
Fax: (206) 757-6761
Email: magness.natasha.a@dol.gov
*Attorneys for Plaintiff Martin J. Walsh*

# UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>LAVA HOT SPRINGS INN, LLC d/b/a LAVA HOT SPRINGS INN, and GEORGE KATSILOMETES, an individual and owner of LAVA HOT SPRINGS INN, LLC,<br><br>Defendants. | Case No. 1:22-cv-398<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF, BACK PAY, AND PUNITIVE DAMAGES** |

## INTRODUCTION

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary") brings this action under the Fair Labor Standards Act of 1938 ("FLSA") as amended, 29 U.S.C. §§ 201, *et seq*., against Defendants Lava Hot Springs Inn, LLC d/b/a Lava Hot Springs Inn and George Katsilometes. This is an action for relief from Defendants' violations of a minor employee's right to be free from retaliation for speaking with an investigator from the U.S. Department of Labor, Wage and Hour Division ("WHD").

After the Secretary, through WHD, initiated an investigation into FLSA violations at Lava Hot Springs Inn, a Wage and Hour Investigator ("WHI") arrived onsite and spoke to employees regarding potential FLSA violations. During the investigation, the WHI obtained a voluntary statement from a 14-year-old employee of Lava Hot Springs Inn named N.A.,[1] explaining her hours and job duties. WHD obtained evidence that Lava Hot Springs Inn violated the FLSA's child labor provisions by, among other things, first employing N.A. when she was 13 years old, in violation of 29 C.F.R. § 570.2; requiring her to work after 7 p.m. from Labor Day to June 1, after 9 p.m. from June 1 to Labor Day, and more than 18 hours in a week when school was in session – beyond the hours legally permitted for minors 14 and 15 years of age in violation of 29 C.F.R. § 570.35.

Two days after providing her statement, N.A. received a phone call from George Katsilometes, the owner and operator of Lava Hot Springs Inn. Katsilometes informed N.A. that she was being laid off because she had spoken to the WHI and cooperated with WHD's investigation. Although Katsilometes initially claimed that N.A. would be prohibited from being onsite at Lava Hot Springs Inn for 30 days, Katsilometes never provided N.A. another shift at Lava Hot Springs Inn – constructively terminating her employment for providing a statement to WHD.

Employers may not interfere with the Secretary's investigation and unlawfully retaliate against employees who properly assert their workplace rights.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this action under Sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217. This Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1345 (United States as Plaintiff).

2. Venue lies in the United States District Court for the District of Idaho, pursuant to 28 U.S.C. § 1391(b), because the events giving rise to the claims occurred in this judicial district. Venue lies with the Eastern Division, pursuant to Dist. Idaho Loc. Civ. R. 3.1, because a substantial

---

[1] The employee's initials are used herein to protect her right to privacy as a minor. Fed. R. Civ. P. 5.2(a)(3).

part of the events giving rise to the claims occurred in Bannock County.

## FACTUAL ALLEGATIONS

### Parties

**Plaintiff Martin J. Walsh, Secretary of Labor, U.S. Department of Labor**

3. Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), is vested with the authority to file suit to restrain violations of the FLSA, including FLSA's anti-retaliation provision. Section 15(a)(3) of the FLSA provides that "it shall be unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter [8 of the FLSA],or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3). The anti-retaliation provision is a critical element in the enforcement scheme of the FLSA. In bringing actions under the FLSA, the Secretary represents not only the interest of the individual employees affected by an employer's and individual's violations of the law, but also the broader public interest, including the interests of law-abiding employers whose ability to compete is harmed by employers who violate the FLSA.

**Defendant Lava Hot Springs Inn, LLC d/b/a Lava Hot Springs Inn**

4. Defendant Lava Hot Springs Inn, LLC d/b/a Lava Hot Springs Inn ("Lava Hot Springs Inn") is an Idaho limited liability company with a principal office address in Pocatello, Idaho. Defendant Lava Hot Springs Inn operates a hotel and spa business located at 1 Center Street, Lava Hot Springs, Idaho 83246. At all relevant times, Lava Hot Springs Inn employed employees, including bellhops, gardeners, housekeepers, cooks, and servers.

5. Defendant Lava Hot Springs Inn employed minor N.A. as a bellhop, a gardener, and performing other duties such as work in the kitchen, housekeeping, and laundry since she was 13 years old from on or about June 6, 2019 until her constructive termination on or about April 23, 2020.

**Defendant George Katsilometes**

6. Defendant George Katsilometes is, on information and belief, an adult resident of Bannock County, Idaho. Upon information and belief, at all relevant times herein, Defendant

Katsilometes has owned and operated Lava Hot Springs Inn. Defendant Katsilometes is the registered agent for service of process for Lava Hot Springs Inn with a principal and mailing address in Pocatello, Idaho. Throughout the events alleged herein, Defendant Katsilometes was acting within the course and scope of his authority as owner and operator of Lava Hot Springs Inn.

**Defendants are "persons" subject to 29 U.S.C. § 215(a)(3)**

7. 29 U.S.C. § 215(a)(3) provides "it shall be unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter [8 of the FLSA], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

8. A "person" is defined as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a).

9. Defendant Lava Hot Springs Inn is a "person" subject to 29 U.S.C. § 215(a)(3).

10. Defendant George Katsilometes is a "person" subject to 29 U.S.C. § 215(a)(3).

**The Secretary's Investigation of Lava Hot Springs Inn and Katsilometes**

11. On or about April 20, 2020, on behalf of the Secretary, WHD's Boise Field Office opened an investigation of Defendant Lava Hot Springs Inn to determine whether Defendant Lava Hot Springs Inn or any other person had violated any provision of the FLSA, including but not limited to child labor violations, with respect to the workers at Lava Hot Springs Inn during the period from April 23, 2017 to April 27, 2020.

12. On or about April 21, 2020, a WHI performed an onsite visit at Lava Hot Springs Inn.

13. During the visit, the WHI spoke with N.A., at the time a 14-year-old employee of Lava Hot Springs Inn, who had been employed as a bellhop, a gardener, and performing other duties such as work in the kitchen, housekeeping, and laundry, since on or about June 6, 2019. The WHI obtained a signed statement from N.A. explaining her work hours and job duties at Lava Hot Springs Inn.

14. WHD obtained evidence that Lava Hot Springs Inn violated the FLSA's child labor provisions by, among other things, first employing N.A. when she was 13 years old, in violation of 29 C.F.R. § 570.2; requiring her to work after 7 p.m. from Labor Day to June 1, after 9 p.m. from June 1 to Labor Day, and more than 18 hours in a week when school was in session – beyond the hours legally permitted for minors 14 and 15 years of age in violation of 29 C.F.R. § 570.35.

15. Soon after obtaining N.A.'s statement, a Lava Hot Springs Inn representative denied the WHI access to remain onsite at Lava Hot Springs Inn.

16. The WHI explained his authority to inspect the premises under Section 11(a) of the FLSA (29 U.S.C. § 211(a)). The Lava Hot Springs Inn representative continued to refuse the WHI entry into the establishment.

17. The WHI then received a phone call from Katsilometes' attorney Lance J. Schuster and they scheduled an initial conference for April 22, 2020.

18. On April 22, 2020, the WHI called Schuster at the agreed upon time. Schuster, however, informed the WHI that the initial conference would not be held.

19. Since April 2020, Defendants Lava Hot Springs Inn and Katsilometes have refused to cooperate with WHD's investigation.

**Katsilometes' termination of N.A. because she spoke with WHD**

20. On or about April 23, 2020, Defendant Katsilometes called N.A. and asked her what she had told the WHI in her statement to WHD.

21. N.A. told Defendant Katsilometes that she explained what her work schedule was and what duties she performed.

22. Defendant Katsilometes challenged N.A.'s account of her work schedule and duties.

23. Defendant Katsilometes repeatedly chastised N.A. for having volunteered information to WHD and claimed that the WHI had committed fraud by presenting a badge.

24. Defendant Katsilometes told N.A. "What I'm going to do [N.A.], because you've opened your mouth and hurt me, is I'm going to have to lay you off. I'm going to get somebody

else who will work – who appreciates work there, who appreciates the job, who doesn't open their mouth to people – like you have . . . who thinks about what's best for our business."

25. Throughout the phone call, Defendant Katsilometes repeatedly admitted that he was "laying off" N.A. because she spoke to the WHI. Defendant Katsilometes made the following statements during the conversation:

a. "Listen [N.A.], what you've done, what you've said to this man has damaged me . . .what he is interested in is catching me violating the labor laws."

b. "I don't need somebody like you around, you're a little too dangerous for my business."

c. In reference to N.A. voluntarily speaking to the WHI, Katsilometes said "You could have said let me ask my boss if it's okay, that would've been a better answer . . . how about using your head . . . but you didn't do that."

d. "You spent two hours with him revealing things you should not have revealed."

e. "If your intent is to hurt me in some way or get me in trouble, you've done it."

f. "You didn't have to answer the questions he asked you, that's what I'm telling you."

g. "I'm not firing you; I'm laying you off. I don't want him talking to you anymore."

h. "Do not volunteer any information to this guy again. He's trying to put me into a three-year federal investigation . . . I can't afford that, I don't want that, I don't want you or anybody else causing that."

i. <u>N.A.</u>: "You're laying me off" –
<u>Katsilometes</u>: "Yes, I have to because you've opened your mouth when you shouldn't have."

j. "I'm laying you off because you've damaged my business by talking to this man when you should not have done it."

k. <u>N.A.</u>: "What do you mean by 'laying me off'?"

       Katsilometes: "Well, I mean I don't like the way . . . I'm kind of suspicious that you may have been behind this whole thing. Especially because he knew your name before he came there."

l. "What you've done by talking to this man for two hours has not helped me."

m. N.A.: "What do you mean by laying me off?"

       Katsilometes: "I mean I may have to send you home just in case this guy shows up again. I don't want you talking to him again. Or if you do talk to him, I want you to have your dad and/or me with you."

n. N.A.: "My immediate thought . . . when he showed his badge and everything, my immediate thought wasn't" –

       Katsilometes: "His badge means nothing. He's not an officer of the law. Did you know that? He's a federal agent. He cannot arrest anybody, he cannot act like a policeman, he can't force you to testify, he can't force you to even talk to him."

       N.A.: "I know that but I willingly talked to him"

       Katsilometes: "That's where you made a mistake. You made a big mistake."

o. "I'm not firing you. I just don't want you to be available to him again. I don't want you talking to him, I don't want you calling him, I don't want you contacting him, I don't want him contacting you. I don't want any contact between you two. And in order to assure that for me, I have to get you away from the Inn – temporarily."

p. N.A.: "Do I work tomorrow?"

       Katsilometes: "No, you cannot work now. Once I found you were with him for two hours talking about the stove, talking about your hours and all that crap. That put me in jeopardy, that put my business in jeopardy. This man does not care about putting me out of business. That's his job in fact."

       N.A.: "Well, I even asked him before, I asked him before" –

     Katsilometes: "They lie, these people lie, he's a liar. First of all, he should not have flashed his badge because his badge means nothing. So, he did everything under a false pretense."

q.  N.A.: "So does that mean I'm fired or laid off?"

     Katsilometes: "I told you you're laid off. I don't know I got to talk to your dad about it . . . You can't be around my Inn right now, for at least a month, probably, because I can't have you there, I can't trust you. You don't behave in the right way."

r.  "You can't be around my business for at least thirty days. Until I find out what's going to happen to you. I don't want you talking to him anymore. I want you to refuse to talk to him."

26.  N.A. recorded the statements Katsilometes made in the call where he purported to lay her off.[2]

27.  Despite initially stating that N.A. would be laid off for at least 30 days, Katsilometes never again provided N.A. with the opportunity to work a shift at Lava Hot Springs Inn – constructively terminating N.A.'s employment with Lava Hot Springs Inn on April 23, 2020.

28.  Defendants actions are part of a pattern and course of conduct intended to intimidate, deter, and chill N.A. and other employees at Lava Hot Springs Inn from cooperating with WHD's investigation.

///
///
///
///
///
///

---

[2] Idaho Code Ann. § 18-6702(2)(d) provides "It is lawful under this chapter for a person to intercept a wire, electronic or oral communication when one (1) of the parties to the communication has given prior consent to such interception."

# CLAIMS FOR RELIEF

29. Each of the following counts relies upon all relevant portions of the foregoing allegations in this Complaint.

## COUNT I

### Violation of Anti-Retaliation Provision of the FLSA, 29 U.S.C. § 215(a)(3)

30. The Secretary incorporates by reference and re-alleges all foregoing allegations in the Complaint.

31. Section 15(a)(3) prohibits retaliation against employees and former employees because they assert their rights under the FLSA. The provision prohibits, among other things, "any person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter [8 of the FLSA], or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3).

32. Defendants Lava Hot Springs Inn and Katsilometes violated Section 15(a)(3) by terminating N.A. because she provided WHD a statement in its investigation into violations of the FLSA at Lava Hot Springs Inn.

33. As a result of Defendants Lava Hot Springs Inn and Katsilometes' retaliatory conduct, a reasonable employee would be dissuaded from engaging in activities protected under the FLSA, such as cooperating with an investigation by the Secretary into violations of the FLSA.

34. As set forth above, Defendants Lava Hot Springs Inn and Katsilometes' actions have been willful and intended to coerce employees into refusing to cooperate with WHD's investigation.

## COUNT II

### Obstructing the Secretary's Investigation in Violation of the FLSA, 29 U.S.C. § 211(a)

35. The Secretary incorporates by reference and re-alleges all foregoing allegations in the Complaint.

36. Defendants Lava Hot Springs Inn and Katsilometes have violated the provisions of Section 11(a) of the FLSA, 29 U.S.C. § 211(a), by obstructing the Secretary's investigation of

Defendants' compliance with the FLSA by constructively terminating N.A. in order to interfere and obstruct WHD's ability to access N.A. for additional information and to deter N.A., and other Lava Hot Springs Inn employees by example, from cooperating with the Secretary's investigation through threats, intimidation, and retaliation.

37. At all relevant times, Defendants Lava Hot Springs Inn and Katsilometes have willfully violated Section 11(a), 29 U.S.C § 211(a). Defendants have interfered with and impeded the ability of the Secretary to detect, identify, and have notice of violations of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, cause having been shown, the Secretary respectfully prays that this Court enter judgment against Defendants and provide the following relief:

a. An order issued pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with Defendants, from violating the provisions of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), including by terminating and interrogating workers at Lava Hot Springs Inn;

b. An order awarding payment of wages lost to compensate N.A., who was unlawfully terminated by Defendants Lava Hot Springs Inn and Katsilometes in violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

c. An order awarding liquidated damages in an amount equal to N.A.'s lost wages due to Defendants Lava Hot Springs Inn and Katsilometes' unlawful termination in violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3)

d. An order awarding punitive damages for Defendants' retaliation against N.A. in violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

e. An order awarding the Secretary all fees and costs of this action; and

f. An order awarding the Secretary with any other relief that the Court deems necessary and appropriate.

///

///

| | |
|---|---|
| September 16, 2022 | Respectfully submitted, |
| | SEEMA NANDA<br>Solicitor of Labor |
| | MARC A. PILOTIN<br>Regional Solicitor |
| | ANDREW J. SCHULTZ<br>Counsel for Wage and Hour |
| | By: */s/ Natasha Magness* |
| | NATASHA MAGNESS<br>Trial Attorney |