UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JULIA A. SU, Acting Secretary of Labor, United States Department of Labor,[1]<br><br>Plaintiff,<br><br>v.<br><br>LAVA HOT SPRINGS INN, LLC dba LAVA HOT SPRINGS INN, and GEORGE KATSILOMETES, an individual and owner of LAVA HOT SPRINGS INN, LLC,<br><br>Defendants. | Case No. 4:22-cv-00398-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is Defendants' Motion to Dismiss (Dkt. 10). The motion is fully briefed and the Court heard argument on July 20, 2023. For the reasons explained below, the Court will deny the motion.

---

[1] Under Rule 25(d) of the Federal Rules of Civil Procedure, "when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the office is pending ... [t]he officer's successor is automatically substituted as a party." Because Martin Walsh is no longer the Secretary of Labor, his current successor, Acting Secretary of Labor Julie A. Su, is automatically substituted as the proper plaintiff in this case.

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

**1. The Complaint**

The Secretary of Labor alleges that defendants fired a minor employee of Lava Hot Springs Inn, LLC after that employee spoke to a Wage & Hour investigator from the Department of Labor. On April 21, 2020, the investigator visited Lava Hot Springs and spoke to minor employee, N.A. N.A. provided a signed statement to the investigator, explaining her work hours and job duties.

Two days later, individual defendant George Katsilometes called N.A. and asked her what she had told the investigator. The two had a discussion, and Katsilometes ultimately told N.A. that she was being laid off for 30 days. Among other things, Katsilometes told N.A. that she had spent two hours with the investigator "revealing things [she] should not have revealed." *Compl.*, Dkt. 1, ¶ 25.d. And while Katsilometes said N.A. would be laid off for just 30 days, he never again provided her with the opportunity to work a shift at Lava Hot Springs. *Id.* ¶ 27. The Secretary thus alleges that Lava Hot Springs constructively terminated N.A.'s employment.

Based on these factual allegations, the Secretary brings two claims: (1) violation of the anti-retaliation provision of the Fair Labor Standards Act; and (2) obstruction of the Secretary's investigation, also in violation of the Fair Labor Standards Act. *See id.* ¶¶ 30-37.

**2.      The Subpoena Enforcement Action**

The Secretary sued in September 2022. Before doing so, she sought to subpoena records from defendants. The defendants refused to comply, however, and in July 2020, the Secretary sued to enforce the subpoena. *See Scalia v. Katsilometes,* Case No. 4:20-cv-371-DCN (D. Idaho).[2] That earlier case was assigned to a different judge in the District – Judge David C. Nye. There, defendants argued that the subpoena was overly broad and, more generally, that the Secretary did not have the authority to subpoena documents from them in the first place.

Judge Nye ordered the defendants to produce the documents. Defendants appealed. The Ninth Circuit vacated the order and remanded. The Circuit concluded that while the Secretary was entitled to subpoena records from defendants, the categories described in the subpoena were overly broad. The remand order indicated that the parties should work together to narrow the scope of the requested documents. The Secretary decided against pursuing the subpoena. Thus, that action remains pending, but nothing is happening in it.

---

[2] The Court will grant defendants' unopposed request to take judicial notice of this earlier-filed action.

MEMORANDUM DECISION AND ORDER - 3

As will be discussed below, defendants argue that the earlier subpoena action prevents the Secretary from bringing this action. Defendants also argue that the Secretary's complaint in this action should be dismissed, regardless, because of the alleged failure to plead any facts establishing that N.A. is an employee covered by the Fair Labor Standards Act.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are

"merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not accept as true, legal conclusions that are couched as factual allegations. *Id*. Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## ANALYSIS

**A. The Obstruction Claim**

As a threshold matter, the Court is not persuaded by defendants' ripeness, standing, or first-to-file arguments. These arguments rest upon the notion that the Secretary cannot sue defendants now, in this action, because she didn't bother following up with the subpoena in the other action after the Ninth Circuit vacated Judge Nye's order. Specifically, defendants argue that because the other action remains pending, this Court must dismiss count 2 of the complaint, which alleges that defendants obstructed the Secretary's investigation.

MEMORANDUM DECISION AND ORDER - 5

But who's to say you can't investigate someone – and sue them for obstruction of that investigation – without pursuing every single tool at your disposal? Here, for whatever reason, the Secretary changed her mind about the subpoena. But she didn't then initiate a separate subpoena enforcement action hoping for a better result. More to the point, the claims alleged here don't depend upon any particular outcome from the subpoena action. Rather, in this action, count 2 alleges that defendants obstructed the Secretary's investigation by terminating N.A. – not by failing to produce documents in response to a subpoena. Accordingly, the Court will deny defendants' motion to dismiss count 2 of the complaint.

**B. The Retaliation Claim**

Likewise, the Court will deny defendants' motion to dismiss count 1, which alleges that defendants violated the anti-retaliation provision of the Fair Labor Standards Act. *See generally* 29 U.S.C. § 215(a)(3). Under the anti-retaliation provision, it is "unlawful for *any person* to discharge or in any other manner discriminate against *any employee* because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . ." 29 U.S.C. § 215(a)(3) (emphasis added).

Unlike the minimum wage and overtime provisions, *see* §§ 206, 207, the anti-retaliation provision does not have an explicit commerce requirement. *See*

§ 215(a)(3). That is, unlike the wage-and-hour provisions of the Act, which apply only to employees "engaged in commerce or in the production of goods for commerce," the protections of Section 15(a)(3) apply to *any* employee. *Id.* Similarly, the retaliation prohibition is directed to *any person*. *Id.*

Based on this straightforward statutory analysis, many courts – including the Fifth, Seventh, Tenth, and Eleventh Circuits – have held that unlawful retaliation claims do not have a commerce requirement.[3] *See Acosta v. Foreclosure Connection, Inc.*, 903 F.3d 1132, 1136 (10th Cir. 2018); *Sapperstein v. Hager*, 188 F.3d 852 (7th Cir. 1999); *Wirtz v. Ross Packaging Co.*, 367 F.2d 549, 550-51 (5th Cir. 1966); *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1314 n.2 (S.D. Fla. 2012) (observing that *Wirtz* is binding precedent in the Eleventh Circuit). Additionally, at least one district court within the Ninth Circuit has so held. *See Dean v. Pac. Bellwether, LLC,* 996 F. Supp. 2d 1044, 1055 (D.M.I. 2014); *accord Visco v. Aiken Cnty.,* 974 F. Supp. 2d 908, 925-26 (D.S.C.

---

[3] The Third and Sixth Circuits have also issued rulings suggesting that the FLSA's prohibition on retaliation applies regardless of whether an employer qualifies as an enterprise engaged in commerce. In *Bowe v. Judson C. Burns, Inc.*, 137 F.2d 37, 38 (3d Cir. 1943), the Third Circuit held that the anti-retaliation provision of § 215(a)(3) prohibits "any person" from unlawfully retaliating against employees – not just employers. Thus, it rejected a union's contention that it could not be liable under § 215(a)(3) for retaliation against its members because the union was not the employer. And in *Meek v. United States,* 136 F.2d 679 (6th Cir. 1943), the Sixth Circuit upheld the criminal conviction under the FLSA of a defendant who claimed he was no longer an employer at the time an employee was fired.

2013); *Johnson v. Pleasant Green Missionary Baptist Church, Inc.*, No. 12–2493–JTM, 2013 WL 183735, *3 (D. Kan. Jan. 17, 2013).

The Seventh Circuit succinctly explained the reasoning employed by these courts in *Sapperstein v. Hager*, 188 F.3d 852 (7th Cir. 1999):

> Here, the statutory language is quite clear and very broad. Congress made it illegal for *any person*, not just an "employer" as defined under the statute, to retaliate against *any employee* for reporting conduct "under" or "related to" violations of federal minimum wage or maximum hours laws, *whether or not the employer's conduct does in fact violate those laws.* Congress might have put the risk on the employee to do his or her homework and make sure that there was actually a violation before going to the authorities, but it instead protected the employee regardless.

*Id.* at 857 (emphasis added).

The parties agree that the Ninth Circuit has not decided this issue. Nevertheless, in *Arias v. Raimondo,* 860 F.3d 1185, 1192 (9th Cir. 2017), the Ninth Circuit approvingly cited *Sapperstein*, observing that the Seventh Circuit's expansive interpretation of § 215(a)(3) supported its own interpretation of that provision.

In *Arias,* the Ninth Circuit faced a relatively straightforward issue: whether an employer's *attorney* – as opposed to the employer itself – could be liable for retaliating against his client's employee after that employee sued for violation of workplace laws. The Ninth Circuit held that the employer could be liable, after marching through this relatively straightforward statutory analysis:

(1) Section 215(a)(3) of the FLSA makes it unlawful for any person to retaliate against an employee.

(2) Elsewhere, the FLSA defines a "person" to include a "legal representative." See 29 U.S.C. § 203(a).

(3) Section 216(b) of the FLSA creates a private right of action against any "employer" who violates Section 215(a)(3).

(4) And the FLSA defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d), 216(b).

*Id.* at 1189. In reaching its conclusion, the Ninth Circuit approvingly cited and discussed *Sapperstein.* And, more generally, the Ninth Circuit explained that the FLSA should be interpreted broadly:

> The FLSA is "remedial and humanitarian in purpose. We are not here dealing with mere chattels or articles of trade but with the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others.... Such a statute must not be interpreted or applied in a narrow, grudging manner.

*Id.* at 1192 (quoting *Tenn. Coal, Iron & R.R. v. Muscoda Loc. No. 123*, 321 U.S. 590, 597 (1944)).

Still, though—and unlike the case here—*Arias* did not have to wrestle with a situation where there were no allegations that the employer was engaged in commerce. So there is room to conclude, within the Ninth Circuit anyway, that there is an underlying commerce requirement for retaliation claims. In that regard, one oft-cited case—*Lamont v. Frank Soup Bowl*, No. 99 Civ. 12482(JSM), 2001

WL 521815, *3-6 (S.D.N.Y. May 16, 2001)— held that there is a commerce requirement in such cases. *Lamont* focused on the FLSA's stated purpose, which is to regulate "industries engaged in commerce or in the production of goods for commerce," and concluded that Congress did not intend to omit the commerce requirement for retaliation claims. *Id.* at *3-4. Most courts, however, have disagreed with *Lamont's* reasoning, and this Court is likewise unpersuaded. In a nutshell, two sections of the FLSA (29 U.S.C. § 206 and § 207) enumerate a commerce requirement, yet a third one – the anti-relation provision at issue here, § 215 – does not. Given that structure, the Court concludes that Congress intentionally omitted a commerce requirement for retaliation claims.

Finally, defendants' citation to *Dellinger v. Science Applications Int'l Corp.*, 649 F.3d 226 (4th Cir. 2011), does not change the Court's mind about the lack of a commerce requirement for retaliation claims.[4] In that case, Natalie Dellinger sued Science Applications International Corporation because the company withdrew its offer of employment after learning she had sued a former employer under the FLSA. *Id.* at 227. The Fourth Circuit affirmed the district court's dismissal, concluding that Dellinger was not an "employee" of Science Applications, as

---

[4] Defendants did not cite or discuss *Dellinger* in the briefing, but during oral argument, counsel relied on this case to argue that "retaliation jurisdiction" should be limited here.

MEMORANDUM DECISION AND ORDER - 10

defined in the FLSA, and, further, that the FLSA's anti-retaliation provision protects only employees – not prospective employes. *Id.* at 230.

*Dellinger*, of course, is not binding, which counsel acknowledged. But the Court does not find it persuasive either. First, the case does not directly address the issue before the Court – which is whether there is a commerce requirement for retaliation claims. Second, the case is factually distinguishable because N.A. is alleged to have been an "employee" of Lava Hot Springs – not a "prospective employee." Third, the Court finds the logic laid out in the *Dellinger* dissent more persuasive than that in the majority. In particular, the Court believes a more expansive interpretation of protective statutes such as the FLSA is appropriate. *See id.* at 232-37 (King, J., dissenting). Accordingly, the Court will deny the motion to dismiss the retaliation claim.

## ORDER

**IT IS ORDERED that** Defendants' Motion to Dismiss (Dkt. 10) is **DENIED**.

DATED: July 21, 2023

_____
B. Lynn Winmill
U.S. District Court Judge